Armando VALDEZ–RAMIREZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–72558.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Armando Valdez–Ramirez, Norwalk, CA, pro se.

CAC–District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Joanne E. Johnson, Esq., Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Armando Valdez–Ramirez, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals summarily affirming the immigration judge's denial of his application for cancellation of removal, based on petitioner's failure to establish the requisite exceptional and extremely unusual hardship to his qualifying United States citizen children.

Petitioner contends that the requirements for cancellation of removal under section 240A(b) of the Immigration and Nationality Act violate his equal protection rights because the requirements are more stringent than the requirements for cancellation applicable to aliens under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). Petitioner also contends that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 is unconstitutional and irrational, because of the distinctions in obtaining relief that arise from NACARA. Petitioner also contends that the BIA erred in streamlining his case.

Petitioner's arguments lack merit. Petitioner's challenges to NACARA are foreclosed by *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002). Also, the BIA did not violate petitioners' due process rights by issuing a streamlined decision without an opinion. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003).

Finally, petitioner contends that he established exceptional and extremely unusual hardship to his United States citizen children. This court lacks jurisdiction to review the BIA's discretionary determination. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

**PETITION FOR REVIEW DENIED IN PART; AND DISMISSED IN PART.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.